# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **BERNARD DUNN,**<br><br>*Plaintiff*,<br><br>v.<br><br>**SMITH & SONS FOODS, INC. d/b/a S&S CAFETERIAS,**<br><br>*Defendant*. | **CIVIL ACTION NO.**<br>**5:19-cv-00502-TES** |

## ORDER DENYING DEFENDANT'S MOTION TO STRIKE

Plaintiff Bernard Dunn filed the above-captioned lawsuit asserting sexual harassment and retaliation claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §§ 2000e to 2000e-17, against Defendant Smith & Sons Foods, Inc. ("S&S"). [Doc. 1 at ¶ 1].

Specifically, in his Complaint, Plaintiff alleges that a female co-worker, Stephanie Robinson, in addition to making a variety of unwelcomed physical advances, "made lewd sexual comments" towards him "about the size of [his] genitalia." [*Id.* at ¶¶ 20–29]. In addition to these allegations, Plaintiff also contends that Debra Black (another S&S employee who supposedly witnessed Robinson's sexual harassment) "wrote and signed a statement outlining Robinson's harassment and [Plaintiff's] rejection[ ]" of her advances. [*Id.* at ¶¶ 44–47]. Not only was this written statement considered by the Equal

Employment Opportunity Commission prior to its issuance of a Notice of Right to Sue letter, Plaintiff also outlined the contents of Black's written statement in his Complaint and attached a copy of her statement as an exhibit. [*Id.* at ¶¶ 44–48]; [Doc. 1-3]. However, because Black has—according to S&S—since disavowed the contents of her written statement, S&S moves the Court to strike five paragraphs of Plaintiff's Complaint as well as her written statement, [Doc. 1-3], under Federal Rule of Civil Procedure 12(f). [Doc. 5-1 at pp. 2–3]; [Doc. 1 at ¶¶ 44–48].

Rule 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). In support of its Motion, S&S argues that the five specific paragraphs[1] in Plaintiff's Complaint and her written statement "are false" and therefore, should be stricken as "impertinent and immaterial." [Doc. 5-1 at pp. 4–5].

S&S makes this argument because on January 7, 2020, Black signed a declaration through which she intended to "set the record straight" and now contends that she never "personally witnessed . . . Robinson harass [Plaintiff] sexually or otherwise."

---

[1] The relevant paragraphs state:
    44.    Debra Black ("Black") worked with Mr. Dunn.
    45.    Ms. Black witnessed Robinson's sexual harassment of Mr. Dunn.
    46.    Ms. Black witnessed Mr. Dunn rejecting Robinson's sexual advances toward Mr. Dunn.
    47.    On or about December 4, 2017, Ms. Black wrote and signed a statement outlining Robinson's harassment and Mr. Dunn's rejections.
    48.    A true and correct copy of Ms. Black's statement is attached hereto as Exhibit 1.
[Doc. 1 at ¶¶ 44–48].

[Doc. 5-2 at ¶¶ 9, 11–12]. Even more, Black states that "[b]ecause [she] wanted to help [Plaintiff], [she] agreed to provide" her previous written statement. [*Id.* at ¶ 10].

While the Court assuredly understands S&S's position and why it filed this Motion, these five paragraphs as well as Black's written statement are not so immaterial that they have no possible bearing on the issues potentially presented in forthcoming dispositive motions or at trial. *United States v. S. Motor Carriers Rate Conference*, 439 F. Supp. 29, 39 (N.D. Ga. 1977). Most notably, and perhaps quite favorable to S&S, is the fact that Black's Declaration, [Doc. 5-2], was made under penalty of perjury, whereas her previous written statement was not. Almost certainly, Black will be deposed and provide testimony that will, of course, be made under oath and clarify once and for all, exactly what, if anything, she witnessed. Black's current renunciation of what she saw could, perhaps, very well be a personal effort to protect her own employment. Who's to say?

Essentially, in this Motion, the Court is confronted with adhering to the well-known tenet regarding a plaintiff's allegations set forth in his complaint—that a court must accept as true (save for legal conclusions) all of the factual allegations contained in a complaint, *Aschroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))—and deciding, before discovery, which two of Black's accounts the factfinder would believe. Under *Iqbal* and *Twombly* the Court must accept the allegations contained in the five paragraphs at issue as true and, to the extent they are

in fact false, it is incumbent on S&S to debunk those allegations through its findings in discovery. Through this lens, S&S's Motion is, for all intents and purposes, nothing more than an attempt to close a potential avenue of proof for Plaintiff's claims and test the evidentiary sufficiency of the facts asserted in his Complaint. Such actions are inappropriate under Rule 12(f). *See Brown v. Joiner Int'l, Inc.*, 523 F. Supp. 333, 336 (S.D. Ga. 1981). Unravelling the true account of what Black actually saw can be easily accomplished in a deposition (or other form of admissible evidence under Federal Rule of Civil Procedure 56); thus, a denial of this Motion presents no prejudice to S&S, and the Court **DENIES** its Motion to Strike Portions of the Complaint [Doc. 5]. *Id.* ("Motions to strike cannot be used to determine disputed fact questions, nor can they be used to decide disputed and substantial questions of law, particularly where there is no showing of prejudice to the movant.") (citation omitted).

**SO ORDERED**, this 4th day of February, 2020.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**