# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| BERNARD DUNN,<br><br>*Plaintiff*,<br><br>v.<br><br>SMITH & SONS, INC., d/b/a S&S CAFETERIAS,<br><br>*Defendant*. | CIVIL ACTION NO.<br>5:19-cv-00502-TES |

## ORDER DENYING DEFENDANT'S ORAL MOTION TO DISMISS

After the Court's February 25, 2021 denial of summary judgment to Defendant Smith & Sons, Inc., regarding Plaintiff Bernard Dunn's sexual harassment and retaliation claims, it scheduled a Pretrial Conference for March 29, 2021 and placed this case on its upcoming Trial Calendar for April 12, 2021.[1] During the Pretrial Conference, Smith & Sons orally moved to dismiss Dunn's case on grounds that Dunn committed perjury in his deposition.[2] For the reasons discussed below, the Court **DENIES** Smith & Sons' motion.

---

[1] [Doc. 17]; [Doc. 22]; [Doc. 23]; [Doc. 30].

[2] Transcript of Proceedings at 16:2–7, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32.

To establish some background, Dunn moved *in limine* to exclude "[a]ny argument, evidence, or reference to [his] alleged criminal history[.]"[3] As support for this exclusion, Dunn argued that "none" of his four convictions are admissible under Federal Rule of Evidence 609—Impeachment by Evidence of a Criminal Conviction—because "they are all misdemeanors."[4] At the Pretrial Conference, Smith & Sons stated—and Dunn did not dispute—that the convictions at issue were "four misdemeanor convictions of public lewdness and public indecency."[5] For all intents and purposes, Smith & Sons agreed with Dunn's Rule 609-based argument, but it took the alternative position that Dunn's criminal convictions "come in through [Rule] 608(b)."[6] After discussion with the parties, the Court, relying on Rule 608(b), ultimately denied Dunn's Motion in Limine with respect to his criminal history.[7]

This ruling, however, did not end the discussion on Dunn's criminal history. Ostensibly, in light of the testimony Dunn provided during his deposition and the fact that he moved to exclude criminal history, Smith & Sons contends that the Court,

---

[3] [Doc. 26, p. 1].

[4] Transcript of Proceedings at 13:12–15, 14:7–9, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32; *see also* [Doc. 26, pp. 5–7].

[5] Transcript of Proceedings at 14:20–25, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32.

[6] *Id.* at 18:7–10.

[7] Transcript of Proceedings at 22:16–17, 23:5–10, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32; *see also* [Doc. 31, p. 2].

"under [its] powers to sanction misconduct[,]" should dismiss Dunn's case because he "lied about [his criminal history] under oath in his deposition."[8] Certainly, federal courts have the inherent authority to manage their affairs "so as to achieve the orderly and expeditious disposition of cases."[9] However, when it comes to dismissing a lawsuit as a sanction, the Eleventh Circuit requires the presence of two conditions: the party's willful or bad-faith conduct and a court's finding that lesser sanctions to correct the misconduct will not suffice.[10]

As for the first condition, Smith & Sons made not one—but two inquiries about Dunn's criminal history, and both times, Dunn testified that he didn't have any criminal convictions.[11] Of course, the often-intimidating environment brought about by depositions is something that needs to be considered in situations like this one. In other words, whether Dunn simply—while testifying—forgot about these misdemeanor convictions should be taken into consideration when determining willfulness.[12] Here is Dunn's testimony:

---

[8] Transcript of Proceedings at 15:4–20, 16:2–7, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32.

[9] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).

[10] *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337–38 (11th Cir. 2005); *see also Flury v. Daimler Chrysler Corp.*, 427 F.3d 939, 944 (11th Cir. 2005) ("Dismissal represents the most severe sanction available to a federal court, and therefore should only be exercised where there is a showing of bad faith and where lesser sanctions will not suffice.").

[11] [Doc. 17-2, Dunn Depo., pp. 11:11–13, 14:22–24].

[12] *Betty K*, 432 F.3d at 1339 (requiring district courts to make findings of willfulness "precisely").

> Q: Other than traffic offenses, have you ever been convicted of a crime?
> A: No, sir. . . .
> Q: Never been convicted of a crime; is that correct?
> A: Correct, sir.[13]

However, at the Pretrial Conference, Smith & Sons pointed out that Dunn "failed to mention the criminal convictions" even though he completed an errata sheet for other items within the deposition transcript.[14] That said, the Court concludes that Dunn willfully provided untruthful testimony regarding his four previous misdemeanor convictions.

As for the second condition, it is necessary to note that "[c]ourts most often invoke their inherent powers" to dismiss a case as a sanction when a party commits perjury.[15] However, the false evidence provided by the perjuring party must relate to a "key issue in [the] case" before the ultimate sanction of dismissal can be the appropriate course of action.[16] In other words, the false evidence must be "material."[17] While the Court in no way condones or encourages Dunn's actions he chose to take during his deposition, it simply cannot conclude that Dunn's false testimony about his criminal

---

[13] [Doc. 17-2, Dunn Depo., pp. 11:11–13, 14:22–24].

[14] Transcript of Proceedings at 17:21–23, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32.

[15] *Neal v. IMC Holdings, Inc.*, No. 1:06-CV-3138-WSD/AJB, 2008 WL 11334050, at *4 (N.D. Ga. Oct. 20, 2008).

[16] *Access Innovators, LLC v. Usha Martin Ltd.*, No. 1:09-cv-2893-TCB, 2010 WL 11508119, at *3 (N.D. Ga. Apr. 28, 2010).

[17] *United States v. Stahlman*, 934 F.3d 1199, 1228 (11th Cir. 2019).

history is "material" to his underlying sexual harassment and retaliation claims. Accordingly, the Court, exercising its discretion, concludes that dismissal would be an inappropriate sanction at this late stage.

The Court provides the following alternative hypothetical to explain why. Suppose Dunn, during his deposition, had *truthfully* answered Smith & Sons' question regarding criminal convictions. That would be an answer in the affirmative—that Dunn *had* been convicted of a crime. Rule 609 would still prevent Smith & Sons from ever mentioning Dunn's convictions for public lewdness and public indecency because those crimes do not require proof of a dishonest act or false statement.[18] Thus, even if Dunn had told the truth at his deposition, Smith & Sons could not have used such testimony to impeach him through evidence of a criminal conviction to attack his character for truthfulness.

Put succinctly, Dunn's misdemeanor crimes do not involve dishonest acts or false statements, and they are per se excluded by Rule 609(a)(2). However, Rule 608(b) provides an alternate route through which Smith & Sons can attack Dunn's character for truthfulness regarding this instance:

> Except for a criminal conviction under Rule 609, extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may,

---

[18] *See* [Doc. 26, p. 5]; Fed. R. Evid. 609(a)(2) ("[F]or any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving—or the witness's admitting—a dishonest act or false statement.").

5

>on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness of:
>
>(1) the witness; or
>
>(2) another witness whose character the witness being cross-examined has testified about.
>
>By testifying on another matter, a witness does not waive any privilege against self-incrimination for testimony that relates only to the witness's character for truthfulness.

Fed. R. Evid. 608(b). Under this rule, Smith & Sons is allowed, on cross-examination, to inquire into this specific instance of Dunn's conduct to attack his character for truthfulness.[19] Thus, as the Court ruled[20] at the Pretrial Conference, it will allow Smith & Sons to use Dunn's "specific instances of [Dunn's] conduct"—his lies about his four criminal convictions—to attack Dunn's "character for truthfulness."[21]

For these reasons, Smith & Sons' oral motion to dismiss this case as a sanction for Dunn's untruthful testimony during his deposition is **DENIED**.[22]

**SO ORDERED**, this 6th day of April, 2021.

>[*signature on following page*]

---

[19] Transcript of Proceedings at 18:11–14, *Dunn v. Smith & Sons, Inc.*, 5:19-cv-00502-TES (M.D. Ga. Apr. 2, 2021), ECF No. 32.

[20] *Id.* at 23:5–10; Fed. R. Evid. 608(b).

[21] If Smith & Sons can show that Dunn provided false testimony in a separate case (as alluded to at the Pretrial Conference), Rule 608(b) would likewise permit trial testimony about this specific instance of untruthfulness as well.

[22] Absent other evidence, the parties may not discuss the substantive specifics of these four convictions.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
